## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOUTHWESTERN BELL YELLOW PAGES, INC., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-90-M |
| | ) | |
| MATTHEW W. NIKSCH a/k/a JOHN McCLAINE, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion for Relief from Final Judgment, filed November 21, 2008. On December 8, 2008, plaintiff filed its response.

I.    Introduction

On January 28, 2008, plaintiff filed the instant action against defendant for breach of contract and fraud. Plaintiff sought recovery of damages in the amount of $104,633.42, and in its fraud claim, plaintiff alleged that defendant made material misrepresentations to it by using a false identity to obtain advertising services from plaintiff. On February 18, 2008, defendant was served. On March 19, 2008, plaintiff filed a Motion for Default Judgment, and on March 20, 2008, defendant filed his answer out of time.

On April 18, 2008, the Court issued a Minute Order directing defendant to file by May 2, 2008, a response to plaintiff's Motion for Default Judgment setting forth why default judgment should not be entered against him and/or why he should be granted leave to file his answer out of time. Defendant filed no response. On May 14, 2008, the Court issued a Minute Order directing plaintiff to submit documentation in support of the amount of damages requested in its Motion for Default Judgment, and on May 21, 2008, plaintiff submitted its supporting documentation. On May

27, 2008, the Court issued an Order granting plaintiff's Motion for Default Judgment and entered Judgment in favor of plaintiff and against defendant in the amount of $104,633.42.

Pursuant to Federal Rule of Civil Procedure 60(b)(1),(3) and (6), defendant now moves the Court to set aside its May 27, 2008 Order and Judgment. Specifically, defendant requests that either (1) the Order and Judgment be vacated and defendant be allowed to defend this action on its merits or (2) the Order and Judgment be vacated and modified to accurately reflect the damages, if any, properly proved by plaintiff.

II.    Discussion

Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A court has substantial discretion to grant relief as justice requires under Rule 60(b). *Fed. Deposit Ins. Corp. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998). However, "such relief is extraordinary and may only be granted in exceptional circumstances." *Id.* (internal quotations and citations omitted).

A.    Rule 60(b)(1)

Defendant asserts that he is entitled to relief from the May 27, 2008 Order and Judgment based upon his mistaken belief that his answer that was filed on March 20, 2008 constituted a response to the Court's April18, 2008 Minute Order.

2

"[T]he kinds of mistakes remediable under a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as counsel acting without authority." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). "[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Id.* "Carelessness by a litigant . . . does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Further, pro se litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Having carefully reviewed the parties' submissions, the Court finds that defendant's mistaken belief that his answer constituted a response to the Court's April 18, 2008 Minute Order does not constitute the type of mistake which this Court finds is excusable under Rule 60(b)(1) and, thus, does not warrant granting defendant the relief he requests.

Defendant also asserts that plaintiff and/or the Court made a mistake in assessing the amount of damages sought against defendant. When Rule 60(b)(1) is used to challenge a substantive ruling by the court, such motion must be filed within the time frame required for the filing of a notice of appeal. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996). Because defendant did not file the instant motion within the thirty day appeal time, the Court finds this basis for relief must fail because it is untimely.[1]

---

[1] The Court would further note that there was no error in the amount of damages awarded based upon the duplicate pages contained within the supporting documents submitted by plaintiff. Although there were duplicate pages, there was no duplication in calculating the amount of damages.

B.      Rule 60(b)(3)

Defendant also asserts that he is entitled to relief from the May 27, 2008 Order and Judgment because plaintiff misrepresented to defendant and to the Court the basis for the damages claimed. Specifically, defendant contends that plaintiff misrepresented that the damages sought arose solely out of Oklahoma based advertising, when, in fact, a portion of the damages arose out of advertisements run in Austin, Texas.

Defendant must prove plaintiff's alleged misrepresentation by clear and convincing evidence. *Yapp*, 186 F.3d at 1231.  Defendant can only establish the alleged misrepresentations by showing that plaintiff "acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Id.* (internal quotations and citations omitted).  Further, "[w]here allegations of fraud . . . are unsubstantiated and merely an effort to relitigate the case, relief under Rule 60(b) must be denied." *Martin v. Chemical Bank*, 940 F. Supp. 56, 60 (S.D.N.Y. 1996).

Upon review of the parties' submissions, the Court finds defendant has failed to prove by clear and convincing evidence that plaintiff committed fraud, misrepresentation, or misconduct. Defendant simply makes unsubstantiated allegations of misrepresentation and seeks to litigate the merits of this case.  Additionally, plaintiff has submitted evidence that it conducted an investigation which showed that defendant Matthew Niksch represented himself to be John McClaine to plaintiff's representative and obtained advertising services from plaintiff, including services in Austin, Texas. The Court, therefore, finds that defendant is not entitled to relief from this Court's May 27, 2008 Order and Judgment under Rule 60(b)(3).

C.      Rule 60(b)(6)

"Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief."  *Yapp*, 186 F.3d at 1232 (internal quotations and citation omitted). Further, "[t]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made.  A party remains under a duty to take legal steps to protect his own interests."  *Cashner*, 98 F.3d at 580 (internal quotations and citations omitted). Finally, "[r]elief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Id.*

Having carefully reviewed the parties' submissions, the Court finds nothing sufficiently "unusual or compelling" which would warrant relief under Rule 60(b)(6).  Further, the Court finds that justice would not be offended by denying defendant's requested relief.  Therefore, the Court finds that defendant is not entitled to relief from this Court's May 27, 2008 Order and Judgment under Rule 60(b)(6).

III.    Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion for Relief from Final Judgment [docket no. 42].

**IT IS SO ORDERED this 26th day of June, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE